**GIORDANO, HALLERAN & CIESLA, P.C.**
125 Half Mile Road, Suite 300
Red Bank, N.J. 07701-6777
(732) 741-3900
Attorneys for Plaintiff, LidoChem, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## TRENTON VICINAGE

| | |
|---|---|
| LIDOCHEM, INC., <br><br> Plaintiff, <br><br> v. <br><br> PLANT FOOD COMPANY, INC., <br><br> Defendant. | CIVIL ACTION <br><br> No. <br><br> **COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

Plaintiff LidoChem, Inc., for its Complaint against Defendant Plant Food Company, Inc. hereby alleges as follows:

### THE PARTIES

1. Plaintiff, LidoChem, Inc. ("LidoChem"), is a New Jersey corporation having its principal place of business at 20 Village Court, Hazlet, New Jersey 07730.

2. Upon information and belief, Defendant, Plant Food Company, Inc. ("Plant Food Co."), is a New Jersey corporation, having a principal place of business at, and an address for service at 38 Hightstown-Cranbury Station Road, Cranbury Township, New Jersey, 08512.

### NATURE OF THE ACTION

3. This is a civil action for the willful infringement of United States Patent No. 8,076,266 (the '266 patent); United States Patent No. 8,101,548 ("the '548 patent); and United States Patent

No. 8,367,582 (the '582 patent). This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Plant Food Co. is subject to personal jurisdiction in this Court as evidenced by, *inter alia*, its presence in New Jersey and its systematic and continuous contacts with the State of New Jersey.

6. Upon information and belief, Plant Food Co. is also subject to personal jurisdiction in this Court because Plant Food Co. regularly sells products and services to customers within this District, and has also sold infringing products and services to customers within this District. For example, upon information and belief, Plant Food Co. has offered for sale infringing products and services relying, at least in part, on equipment, services and/or support provided from this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS

8. On December 13, 2011, the '266 patent, titled "Urea Phosphite Fungicide," was duly and legally issued to LidoChem as assignee. LidoChem is the current assignee of the '266 patent, and is the owner of the right to sue and to recover for any current or past infringement of that patent. A copy of the '266 patent is attached as Exhibit A.

9. On January 1, 2012, the '548 patent, titled "Urea Phosphite," was duly and legally issued to LidoChem as assignee. LidoChem is the current assignee of the '548 patent, and is the

owner of the right to sue and to recover for any current or past infringement of that patent. A copy of the '548 patent is attached as Exhibit B.

10. On February 5, 2013, the '582 patent, titled "Urea Phosphite Fertilizer, was duly and legally issued to LidoChem as assignee. LidoChem is the current assignee of the '582 patent, and is the owner of the right to sue and to recover for any current or past infringement of that patent. A copy of the '582 patent is attached as Exhibit C.

## COUNT I—INFRINGEMENT OF THE '266 PATENT

11. LidoChem repeats and incorporates by reference the allegations set forth in paragraphs 1-10 above.

12. Plant Food Co. has infringed the '266 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or supplying in or from the United States products and services relating to urea phosphate fungicides and methods for treating plants with urea phosphate fungicides, and/or inducing and/or contributing to such conduct by Plant Food Co.'s customers or other persons or entities, without authority and in violation of 35 U.S.C. § 271(a), (b), and/or (c).

13. Plant Food Co. does not have a license or other authority from LidoChem or any other person or entity to practice the subject matter claimed by the '266 patent.

14. LidoChem has, at all relevant times, complied with the notice provisions of 35 U.S.C. § 287(a) with respect to the '266 patent.

15 Upon information and belief, Plant Food Co. has been aware of the '266 patent at all relevant times.

16. Upon information and belief, Plant Food Co. has willfully infringed the '266 patent. Plant Food Co.'s willful infringement of the '266 patent renders this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT II—INFRINGEMENT OF THE '548 PATENT

17. LidoChem repeats and incorporates by reference the allegations set forth in paragraphs 1-16 above.

18. Plant Food Co. has infringed the '548 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or supplying in or from the United States products and services relating to urea phosphate and/or inducing and/or contributing to such conduct by Plant Food Co.'s customers or other persons or entities, without authority and in violation of 35 U.S.C. § 271(a), (b), and/or (c).

19. Plant Food Co. does not have a license or other authority from LidoChem or any other person or entity to practice the subject matter claimed by the '548 patent.

20. LidoChem has, at all relevant times, complied with the notice provisions of 35 U.S.C. § 287(a) with respect to the '548 patent.

21. Upon information and belief, Plant Food Co. has been aware of the '548 patent at all relevant times.

22. Upon information and belief, Plant Food Co. has willfully infringed the '548 patent. Plant Food Co.'s willful infringement of the '548 patent renders this an exceptional case pursuant to 35 U.S.C. § 285.

## COUNT III—INFRINGEMENT OF THE '582 PATENT

23. LidoChem repeats and incorporates by reference the allegations set forth in paragraphs 1-22 above.

4

24.     Plant Food Co. has infringed the '582 patent, literally and/or under the doctrine of equivalents, by making, using, offering to sell, selling and/or supplying in or from the United States products and services relating to urea phosphate fertilizers and methods for treating plants with urea phosphate fertilizers, and/or inducing and/or contributing to such conduct by Plant Food Co.'s customers or other persons or entities, without authority and in violation of 35 U.S.C. § 271(a), (b), and/or (c).

25.     Plant Food Co. does not have a license or other authority from LidoChem or any other person or entity to practice the subject matter claimed by the '582 patent.

26.     LidoChem has, at all relevant times, complied with the notice provisions of 35 U.S.C. § 287(a) with respect to the '582 patent.

27.     Upon information and belief, Plant Food Co. has been aware of the '582 patent at all relevant times.

28.     Upon information and belief, Plant Food Co. has willfully infringed the '582 patent. Plant Food Co.'s willful infringement of the '582 patent renders this an exceptional case pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff LidoChem prays for judgment:

A. Adjudging that Defendant Plant Food Co. has infringed the '266 patent;

B. Adjudging that Defendant Plant Food Co. has infringed the '548 patent;

C. Adjudging that Defendant Plant Food Co. has infringed the '582 patent;

D. Awarding LidoChem damages adequate to compensate for Plant Food Co.'s infringement of the '266 patent, the '548 patent, and the '582 patent, together with interest and costs as fixed by the Court;

E. Adjudging that Plant Food Co.'s infringement of the '266 patent, the '548 patent, and the '582 patent has been willful and trebling all damages awarded to LidoChem for such infringement pursuant to 35 U.S.C. § 284;

F. Preliminarily and permanently enjoining Plant Food Co. or any of its agents or related entities from making, using, offering to sell, selling and/or supplying in or from the United States products and services that practice the subject matter of the '266 patent, the '548 patent and the '582 patent pursuant to 25 U.S.C. § 283;

G. Declaring this case to be exceptional within the meaning of 35 U.S.C. § 285 and awarding LidoChem the attorney fees, costs and expenses it incurs in this action; and

H. Awarding LidoChem such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff LidoChem hereby demands a trial by jury for all the issues so triable.

**GIORDANO, HALLERAN & CIESLA, P.C.**
Attorneys for Plaintiff, LidoChem, Inc.

By: _____
JAMES M. ANDREWS, ESQ.

Dated: June 23, 2014

*Of Counsel:*
Karen B. Tripp
Attorney at Law
P.O. Box 1301
Houston, TX  77251-1301
Tel.: (713) 658-9323
Fax: (713) 658-9410
ktripp@tripplaw.com

Docs #1626976-v1

6